**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**        :

    v.                            **Case No. 2:23-CR-188**
                                      **Judge Sarah D. Morrison**

**STEPHEN CHINN**              :

    **Defendant.**

**ORDER SETTING JURY TRIAL**

Defendant having entered a plea of not guilty to the Indictment filed in this case, the Court hereby establishes the following schedule which will govern the course of this case from now until trial.

**I.    TRIAL DATE**

This case is set for trial on **November 27, 2023, at 9:00 a.m.** in Courtroom # 132. The Final Pretrial Conference is set for **November 17, 2023, at 11:00 a.m.** in **Chambers Conference Room 168**.

**II.    DISCOVERY AND INSPECTION**

Counsel for Defendant is directed to contact the Assistant United States Attorney prosecuting this case to arrange a meeting for the purpose of resolving all requests for discovery permitted under the Federal Rules of Criminal Procedure, including Rule 16.[1] Upon request for discovery by counsel for Defendant, the

---

[1] Unless otherwise specified, citation to any "Rule" shall refer to the Federal Rules of Criminal Procedure.

Government shall disclose of evidence discoverable under the terms and conditions of Rule 16 and in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963). Any response to Defendant's request for discovery must be filed within one week of the filing of such request.

The discovery conference shall be held as promptly as possible but, in any event, prior to **October 23, 2023**. If, at any time, any party fails to comply with Rule 16, such failure shall be brought to the Court's attention by a specific motion to compel discovery. Motions to compel shall be filed within one week of the date of a party's denial of the initial request.

### III. PLEA NEGOTIATIONS AND PLEA AGREEMENT

Plea agreement discussions between the Assistant United States Attorney and counsel for Defendant, pursuant to Rule 11, shall begin as soon as practicable. If a plea agreement is reached, counsel must notify the Court. Upon receiving such notice, the Court will set a change of plea hearing.

### IV. MOTIONS

All motions of any kind, including motions *in limine*, must be filed on or before **October 30, 2023**. All briefs in opposition must be filed on or before **November 6, 2023**. Reply briefs may not be filed without first obtaining leave of Court. Any motion must state whether and why an evidentiary hearing is required. If the Court agrees, a hearing will be set.

Any motion to continue the trial date established by this Order must be in writing and filed at least ten days prior to the scheduled trial date. The motion

must identify those factors listed in 18 U.S.C. § 3161(h)(7)(B) which the movant contends support the motion.

## V. EXHIBITS

Counsel will mark all exhibits and assemble them in tabbed, three-ring binders. The government's exhibits will bear the prefix G followed by Arabic numerals. Defendant's exhibits will bear the prefix D followed by Arabic numerals. Joint exhibits will bear the prefix J followed by Arabic numerals.

The parties shall submit their exhibit binders at least **three days** before trial. Counsel shall provide one copy of their tabbed exhibit notebook(s) to opposing counsel, and three copies to the Court, at least **three days** before trial. The government will be responsible for providing binders containing any joint exhibits. Each exhibit binder must include a list of the exhibits in that binder.

Counsel may not approach a witness at trial to tender an exhibit. Instead, the Courtroom Deputy will present each exhibit to the witness. As applicable, questions directed towards a witness must specify the relevant exhibit's designation.

Exhibits produced for the first-time during trial, such as those used for impeachment, shall be marked, and then tendered to the Courtroom Deputy and displayed to opposing counsel. The proponent's counsel must be prepared to provide copies of such exhibits to opposing counsel, the Court, and the law clerk at the time they are presented to a witness.

Original exhibits must be returned to the Courtroom Deputy at the close of each trial session. Counsel shall be responsible for any exhibits they expect to use during trial.

## VI. STIPULATIONS

Three copies of any stipulations must be submitted to the Court at least **seven days** before trial.

## VII. VOIR DIRE EXAMINATION

### A. Party Submissions

The parties' proposed voir dire questions must also be submitted to the Court at least **seven days** prior to trial.

### B. Questioning

The entire panel of prospective jurors—those in the jury box and those in the rear of the Courtroom—will be examined in one continuous examination.

The Clerk's Office will assign a number to each prospective juror. Counsel will be provided with a list of the jurors' names and juror numbers prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by number only.

The Court will conduct a preliminary voir dire examination tailored to the issues in the case being tried. Counsel may supplement the Court's examination but may not repeat any question already put to the panel by the Court. Counsel must address their questions to the whole panel and may not question an individual juror *unless* a specific juror's response to a question put to the whole panel justifies further inquiry.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in the juror questionnaire forms on file in the Clerk's Office. Counsel should examine these questionnaires

4

prior to the commencement of trial. Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

### C. Challenges

After questioning, the Court will go to sidebar for the juror challenge process. Counsel will accept, challenge for cause, or peremptorily challenge the entire panel of potential jurors in a continuous sequence.

Any juror seated in the jury box who is excused will be replaced by the next available juror from the rear of the Courtroom.

Each party will be entitled to the number of peremptory challenges set forth in Rule 24. Peremptory challenges will be directed only to the prospective jurors seated in the jury box. The parties will exercise their peremptory challenges alternately, with the government exercising the first challenge and, in a felony case, Defendant offering two challenges per turn. If either party "passes," that challenge will be considered as used. After the twelve regular jurors have been fully qualified, and counsel for both parties state that they are satisfied, peremptory challenges as to any alternate jurors will be exercised in the same manner.

## VIII. JURY INSTRUCTIONS

At least **fourteen days** prior to trial, the parties shall jointly file proposed jury instructions, verdict forms, and interrogatories (if applicable). A courtesy copy should also be sent, in Word format, to the Court's law clerk at [Michalea_Delaveris@ohsd.uscourts.gov](mailto:Michalea_Delaveris@ohsd.uscourts.gov). The proposed jury instructions must

include citations to supporting authorities. If any party objects to the proposed instructions, the objecting party must note the specific objection and the grounds therefor, and include alternative proposed instructions, in the same filing.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**